## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MATTHEW MCMAHON,**

        **Plaintiff,**

**v.**                           **Case No: 6:22-cv-2198-PGB-LHP**

**ORANGE COUNTY, FLORIDA,**

        **Defendant.**

_____/

### ORDER

This cause comes before the Court on Plaintiff Matthew McMahon's ("**Plaintiff**") Motion to Strike Defendant's Affirmative Defense (Doc. 46 (the "**Motion**")) and Defendant Orange County, Florida's ("**Defendant Orange County**" or "**Defendant**") response thereto (Doc. 50). Upon consideration, the Motion is due to be granted in part and denied in part.

## I.   BACKGROUND[1]

This dispute flows from employment disputes between Plaintiff and Defendant Orange County. (Doc. 41). Plaintiff was employed with a division of Defendant Orange County, the Orange County Fire Rescue Department. (*Id.* ¶ 6). After responding to a youth suicide, Plaintiff sought a medical accommodation for

---

[1]   This account of the facts comes from Plaintiff's Amended Complaint and Defendant's Partial Answer. (Docs. 41, 43). At this procedural posture, the Court accepts the well-pled factual allegations therein as true when considering motions regarding the sufficiency of the pleadings. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

emotional distress and related medical conditions. (*Id.* ¶¶ 15–19). Although these accommodations were initially approved, Defendant Orange County changed course, rescinded the accommodations, and eventually terminated Plaintiff. (*Id.* ¶¶ 20–22). After engaging in the grievance process, a settlement was reached between Plaintiff and Defendant Orange County, and his employment was reinstated. (*Id.* ¶¶ 23–25). As part of the return to work process, Plaintiff again sought accommodations. (*Id.* ¶¶ 26–32). Eventually, however, Defendant Orange County again terminated Plaintiff, allegedly in violation of the settlement agreement and various employment laws. (*Id.* ¶¶ 33–48).

After pursuing administrative remedies, Plaintiff filed a Complaint against Defendant Orange County as well as several other Defendants. (Doc. 1-1; Doc. 41, ¶¶ 49–138). The Defendants removed the case to this Court (Doc. 1) and moved to dismiss for failure to state a claim. (Doc. 10). The Court granted in part and dismissed the Complaint as a shotgun pleading, noting in part it did not properly distinguish between the multiple Defendants in the case. (Doc. 40).

Plaintiff amended its Complaint and dropped all of the prior-joined Defendants except for Defendant Orange County. (Doc. 41). Defendant Orange County filed a motion to dismiss as to several of Plaintiff's claims for relief and a partial answer including several affirmative defenses (the "**Answer**") as to the rest of the Amended Complaint. (Docs. 42, 43). Plaintiff moved to strike the affirmative defenses in the Answer (Doc. 46) and Defendant Orange County responded in opposition (Doc. 50). Consequently, this matter is ripe for adjudication.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Affirmative defenses are subject to Federal Rule of Civil Procedure 8, which demands a "short and plain" statement of those defenses; that said, "affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests" to satisfy this requirement. *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019). This standard for affirmative defenses is in contrast with the pleading requirements for affirmative claims under Rule 12. *Forsythe v. Starboard Yacht Grp., LLC*, No. 22-60854-civ, 2023 WL 2660334, at *4 (S.D. Fla. Mar. 28, 2023).

Consequently, although the Court has broad discretion in ruling on motions to strike, the Court may only strike an affirmative defense when it is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683–84 (M.D. Fla. 2002) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)); *see also Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982) (affirming the striking of a defendant's affirmative defense as it was "legally insufficient").  Importantly, an affirmative defense will be held insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Anchor Hocking*, 419 F. Supp. at 1000.

Generally, motions to strike affirmative defenses are disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, where a defense "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action . . . [it] should be deleted." *Id.*; *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## III.   DISCUSSION

Plaintiff focuses on the pleading requirement of Rule 8 to argue that Defendant's Affirmative Defenses are insufficient as a matter of law. (Doc. 46, pp. 4–10). In support, Plaintiff cites to caselaw which indicates that affirmative defenses are subject to the same pleading requirements as those to which affirmative claims for relief are subject, specifically the prohibition against conclusory allegation. (*Id.* (citing *Microsoft*, 211 F.R.D. at 684)). The Court finds the better approach does not subject affirmative defenses to such a bar as long as the affirmative defenses provide fair notice to the plaintiff. *Forsythe*, 2023 WL 2660334, at *4. It is possible that conclusory allegation may not provide such notice, but a categorial bar is not supported. *Id.*

Regardless, Defendant must do more in its affirmative defenses than allege a failure to state a claim because such a general defense is instead the purview of a motion to dismiss or a motion for judgment on the pleadings. *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30,

2016) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 n.9 (11th Cir. 1988)). Consequently, the Court will strike Defendant's First Affirmative Defenses as it simply denies necessary elements of Plaintiff's claims. (Doc. 43, ¶ 128). Of course, while the Court takes no position on whether such a defense will be successful, Defendant is welcome to bring it again through the proper procedural vehicle. Beyond this, however, the rest of Defendant's affirmative defenses survive. Each affirmative defense is not legally insufficient and undoubtedly provides sufficient notice for Plaintiff to prepare his case. (Doc. 43, ¶¶ 129–36).

## IV.    CONCLUSION

For the foregoing reasons it is **ORDERED AND ADJUDGED** that:

1. The Motion to Strike (Doc. 46) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Defendant's First Affirmative Defense in the Answer (Doc. 43) is hereby **STRICKEN**; and

   b. The Motion to Strike is otherwise **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 31, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5